UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CATHERINE P. NEWLIN, ET AL      *          CIVIL ACTION

VERSUS                          *          NO: 06-4691

FIDELITY NATIONAL PROPERTY      *          SECTION: "D"(5)
AND CASUALTY INSURANCE
COMPANY, ET AL

                          **ORDER AND REASONS**

   Before the court is the **"Motion for Summary Judgment"** filed by Defendant, Fidelity National Property and Casualty Company (Fidelity). Plaintiffs, Catherine P. Newlin, Clifton W. Newlin, and Nadine Newlin McCall, filed a memorandum in opposition. The motion, set for hearing on Wednesday, April 25, 2007, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that there is no genuine issue of material fact, and Fidelity is entitled to judgment as a matter of law.

                          **I.  Background**

   In this Hurricane Katrina-related matter, Plaintiffs assert that the property located at 2216 Octavia Street, New Orleans Louisiana sustained extensive damage as a result of Hurricane

Katrina.[1]  Plaintiffs further assert that the subject property was insured under a homeowner's policy issued by Liberty Mutual Fire Insurance Company, and a flood policy issued by Fidelity National Property and Casualty Insurance Company.  Plaintiffs claim that while certain payments have been received from both Liberty Mutual and Fidelity,

> Plaintiffs have recently discovered additional damages to the covered property and/or continue to discover additional damages to the covered property.  Due to the sever shortage of manpower and expert assistance, plaintiffs have been unable to currently ascertain whether the recently discovered damages are covered under the liberty Mutual policy and/or covered under the Fidelity policy.  Plaintiffs represent that the recently discovered problems did not exist prior to Hurricane Katrina.

(*See* Complaint at ¶13).

According to Deborah Price, vice president of claims for Fidelity, the duly designated representative of Fidelity and custodian of record for the Plaintiffs' claims file for the claim

---

[1]  Plaintiffs assert that:

> [Plaintiff] Catherine P. Newlin is the widow of Clifton R. Newlin and has a lifetime usufruct over the property at issue in this matter located at 2216 Octavia Street, New Orleans, Louisiana, Orleans Parish, Louisiana.  [Plaintiffs] Clifton W. Newlin and Nadine Newlin McCall, the children of Clifton R. Newlin and Catherine P. Newlin, are the individual naked property owners of the property.

(*See* Complaint at ¶ 7).

at issue in this lawsuit, the subject flood policy had building limits of $188,500 and contents limits of $71,900. (Price Affidavit at ¶2). Further,

> There is no other policy of flood insurance put at issue by Plaintiffs;
>
> During Katrina, Plaintiffs' insured property did suffer damage to flood. Thereafter, Plaintiffs did file a claim for benefits under its (*sic*) [Standard Flood Insurance Policy] SFIP with [Fidelity].
>
> [Fidelity] assigned an independent adjuster to the Plaintiffs' claim as "a matter of courtesy only," as per the terms of the Plaintiffs' SFIP, specifically Article VII(J)(5), (7) and (8) of the SFIP to assist Plaintiffs with this loss. However, the burden to present the claim lies with the insured, and the independent adjuster is not required to provide a Proof of Loss form or help the insured complete it as per the aforementioned terms of the SFIP.
>
> Pursuant to Article VII(J)(4) of the SFIP, the insured must submit a Proof of Loss meeting the requirements and providing the information listed and required in Article VII(J)(4) of the SFIP within 60 days of the date of loss. The date of loss at issue in this lawsuit is August 29, 2005.
>
> In regards to the August 29, 2005 flood loss claim, a Proof of Loss would have been due on October 29, 2005. However, an extension was granted by FEMA giving SFIP insureds one year from the date of the flood to provide a Proof of Loss, that being August 29, 2006.[2]

---

[2] *See* FEMA's Waiver of Proof of Loss Requirement in the Standard Flood Policy Insurance, Doc. No. 19-3.

3

> . . .
>
> During the adjustment process, Defendant determined that the proper payment amount of the Plaintiffs' claims was $14,910.05 for Converge A (building) and $3568.88 for contents. This amount was paid to he Plaintiff, Clifton Newlin, on November 17, 2005.
>
> Plaintiffs and Defendant disagree over the Defendant's adjustment, settlement and payment of Plaintiffs' claim. Plaintiffs and Defendant disagree over whether further federal benefits are payable upon this Plaintiffs' claim.
>
> Plaintiffs' lawsuit seeks further benefits under the Plaintiffs' SFIP, beyond the amounts previously paid to the Plaintiff, Clifton Newlin, as mentioned above,
>
> **Plaintiffs did not file a Proof of Loss in support of the monies now being sought in ths lawsuit.**

(*See* Price Affidavit, ¶¶ 4-8, 10-13, emphasis added).

In the instant motion, Fidelity (a Write-Your-Own (WYO) Program carrier participating in the United States Government's National Flood Insurance program (NFIP) pursuant to the National Flood Insurance Act of 1968, as amended, 42 U.S.C. §4001 *et seq.*, appearing in its "fiduciary"[3] capacity as the "fiscal agent of the United States"[4]), argues that Plaintiffs are not entitled to

---

[3]   44 C.F.R. §62.23(f).

[4]   42 U.S.C. §4071(a)(1); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

recover additional U.S. Treasury benefits pursuant to their Standard Flood Insurance Policy (SFIP) because they failed to timely file a proof of loss.

## II.  Legal Analysis

The Standard Flood Insurance Policy requires in Article VII(J)(4) the following condition precedent:

> J. Requirements in Case Of Loss
>
> In case of a flood loss to insured property, you must:
>
> 1.  Give prompt written notice to us;
>
> 2.  As soon as reasonably possible, separate the damaged and undamaged property, putting it in the best possible order so that we may examine it;
>
> 3.  Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts, *and related documents*;
>
> 4.  Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
>     a.  The date and time of loss;
>
>     b.  A brief explanation of how the loss happened;
>
>     c.  Your interest (for example, "owner") and the interest, if any, of others in the damaged

          property;

   d.   Details of any other insurance that may cover the loss;

   e.   Changes in title or occupancy of the covered property during the term of the policy;

   f.   Specifications of damaged buildings and detailed repair estimates;

   g.   Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

   h.   Details about who occupied any insured building at the time of loss and for what purpose; and

   I.   The inventory of damaged personal property described in J.3. above.

*See also* 44 C.F.R. Pt. 61, App. A(1)(West 2007).

Under normal circumstances, Plaintiffs' failure to file a Proof of Loss within sixty (60) days of Hurricane Katrina would have barred their claim. However, as a result of Hurricane Katrina and the shortage of qualified adjusters, FEMA waived a Proof of Loss requirement to expedite claims payments so that affected policyholders were not subject to undue hardship. (*See* Waiver, Doc. No. 19-3, p. 2). FEMA stated that "payment of the loss will be based on the evaluation of damage in the adjuster's report." (*Id.*). However, in the same document, FEMA instructed that:

> **In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of loss.** The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form...The insurer will then process the policyholder's proof of loss in its normal fashion.  If the insurer rejects the proof of loss in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of th written denial of the claim as provided in VII.R of the SFIP Dwelling or General Property Form...
>
> For example, a policyholder who suffered a flood loss from Hurricane Katrina on August 23, 2005, and disagrees with the insurer's decision based on the adjuster's report has until August 22, 2006,[5] to file the proof of loss detailing the area(s) of disagreement.

(*Id*. at pp. 2-3).[6]

The SFIP is "an insurance policy issued pursuant to a federal program, and as such "must be strictly construed and enforced." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998).  "[A]n insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the

---

[5] Defendant submits that August 22, 2005, is the date when Hurricane Katrina struck Florida.  (*See* Fidelity's Memo. at p. 7, n. 12).

[6] The court rejects Plaintiffs' argument that FEMA's waiver of a proof of loss requirement constitutes a "complete waiver" of the proof of loss requirements in the SFIP for claims arising form losses as a result of Hurricane Katrina.  The word "may" as it is used in the quoted language provides the policy holder in disagreement with the adjuster's decision the opportunity to either file a proof of loss (by August 22, 2006) or to choose not to challenge the adjuster's decision.

federal insurer's obligation to pay what otherwise might be a valid claim." *Id*.

In this case, Plaintiffs failed to file a Proof of Loss within the one-year extension allowed by FEMA. Thus, as a matter of law, such a failure to timely file a proof of loss is fatal to Plaintiffs' instant claim against Fidelity.

Plaintiffs argue that if they were required to submit a proof of loss, such requirement was only in the event of a dispute. And Plaintiffs contend that:

> No dispute occurred until at least March 20, 2007, when an estimate for structural damages to the garage, submitted by Plaintiffs to Fidelity, was rejected as not covered under the Fidelity policy. Furthermore, the requirement that Plaintiffs submit a proof of loss should not be used as a defense to payment as it was not possible for Plaintiffs to meet this requirement until Plaintiffs were able to obtain a contractor repair estimate.

(Plaintiffs' Opp. at pp. 13-14).[7]

However, FEMA only granted a waiver for the proof of loss requirement for one year; it did not grant an open and unending waiver. Further, as the Fifth Circuit has explained, "[w]hen federal funds are involved, the judiciary is powerless to uphold a claim of estoppel because such a holding would encroach upon the

---

[7] Plaintiffs provide no authority to support the proposition that a claim which has been adjusted and for which payment has been offered and accepted may be resubmitted upon subsequent discovery of additional facts.

appropriation power granted exclusively to Congress by the Constitution." *Gowland*, 143 F.3d at 955.

"Not even the temptations of a hard case will provide a basis for ordering recovery contrary to the terms of [a] *regulation*." *Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998)(citation omitted); *see also Wright v. Allstate*, 415 F.3d 384, 388 (5th Cir. 2005)(holding that the district court erred in estopping Allstate from asserting Plaintiff's failure to file an adequate Proof of Loss as a basis for denying his claim).

Accordingly;

**IT IS ORDERED** that the **"Motion for Summary Judgment"** filed by Defendant, Fidelity National Property and Casualty Company, be and is hereby **GRANTED**, dismissing Plaintiffs' claims against Fidelity with prejudice.

New Orleans, Louisiana, this **18th** day of **May**, **2007**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE